UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CECIL ALAN MOON,

        Petitioner,

                                CIVIL NO. 2:06-CV-13845
v.                                HONORABLE MARIANNE O. BATTANI
                                UNITED STATES DISTRICT COURT

JAN TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Cecil Alan Moon, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A); and second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(A). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Discussion

Petitioner was convicted of the above offenses in the Gratiot County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Moon,* No. 266904 (Mich.Ct.App. January 6, 2006); *lv. den.,* 475 Mich. 886; 715 N.W. 2d 890 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the

1

following grounds:

> I.  Apriori plea; coercion/intimidation.  Prosecution brought additional charges to force plea.
>
> II.  Failure to advise rights before questioning.
>
> III.  Ineffective assistance of council (sic).
>
> IV.  Malfeasance (vindictive prosecution).

## II.  Discussion

The instant petition must be dismissed because petitioner has failed to exhaust his claims with the state courts.

A state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d

668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner never raised any of his claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present any of his claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89

(W.D. Mich. 1977); *See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994). Because petitioner presented these claims to the Michigan Supreme Court but not to the Michigan Court of Appeals, the claims have not been properly exhausted with the Michigan courts.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Gratiot County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the

discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

In addition, petitioner filed the instant petition before his conviction became final for purposes of the AEDPA's one year limitations period. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on June 26, 2006. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one

5

year limitations period, on September 24, 2006. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on August 25, 2006, before petitioner's conviction became final with the state courts. Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state post-conviction proceedings. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder,* 156 F. Supp. 2d at 845-46.

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

          s/Marianne O. Battani
          **HON. MARIANNE O. BATTANI**
          **UNITED STATES DISTRICT COURT**

DATED: September 8, 2006